■ TERRILEE 97TH ST., LLC, Petitioner, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, Respondent. [960 NYS2d 69]—

Determinations of respondent Environmental Control Board (ECB), dated April 28, 2011, which found that petitioner violated Administrative Code of the City of New York § 28-118.3.2 and imposed fines totaling $10,000, unanimously annulled, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this court by orders, Supreme Court, New York County [Michael D. Stallman, J.], entered December 23, 2011 and January 6, 2012), granted.

The Notice of Violation, issued to the premises owned by petitioner on July 9, 2009, by an inspector with the Department of Buildings, states that the premises, a class A multiple dwelling unit, a classification requiring that the majority of the rooms be used for "permanent residence purposes" (see Multiple Dwelling Law § 4 [8] [a]; City of New York v 330 Cont. LLC, 60 AD3d 226, 228, 231 [1st Dept 2009]), was " 'primarily transient' with approximately 53 units and 79 transient guest[s]." The NOV issued on April 28, 2010 states that the premises was "illegally occupied transiently 'primarily transiently' w[ith] approximately 70 transient [and] 23 permanent tenants."

The certificate of occupancy for the premises provides that the 93 units can hold a total of 178 persons. Thus, petitioner can rent up to 46 rooms to transient guests without violating the requirement that the building be used primarily for permanent residence purposes (see Multiple Dwelling Law § 4 [8] [a]; 330 Cont., 60 AD3d at 231). The NOVs do not reveal the manner in which units or tenants were deemed to be "transient," nor was that term defined in the Multiple Dwelling Law during the relevant time period. The inspector who issued the viola-

tions did not testify at the hearing, and, thus, DOB did not establish any facts supporting the statements in the NOVs that certain units or guests were "transient," rather than permanent.

Although the NOVs were affirmed and therefore any facts stated therein constitute *prima facie* evidence (48 RCNY 3-54 [a]), the characterization of the units or tenants as "transient" is not a fact but a mere conclusory statement. Given the absence of any evidence supporting this conclusion in the record, ECB failed to prove that petitioner violated Administrative Code § 28-118.3.2. Concur—Tom, J.P., Andrias, Acosta and Manzanet-Daniels, JJ.